THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Willie Ray Ingram, Appellant,
v.
South Carolina Probation, Parole & Pardon Services,
Respondent
 
 
 

Appeal From Richland County
 J. Ernest Kinard, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-280
Submitted June 1, 2006  Filed June 15, 2006

AFFIRMED

 
 
 
Willie Ray Ingram, of McCormick, for Appellant.
J. Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: Willie Ray Ingram appeals the dismissal of his petition for writ of mandamus, arguing the circuit court should have ordered the South Carolina Department of Probation, Parole, and Pardon Services to provide him with all files considered by the parole board in determining his parole status.  Ingram is particularly interested in receiving all victim statements made in opposition to his parole.  Specifically, he argues that he is entitled to these documents under the South Carolina Freedom of Information Act, S.C. Code Ann. §§ 30-4-10 through -110 (1991 & Supp. 2004), and that failing to disclose the records constitutes a violation of his rights to due process and confrontation at his parole hearing.
 We affirm the circuit courts dismissal of Ingrams petition pursuant to Rule 220, SCACR, and the following authority:  Redmond v. Lexington Co. Sch. Dist., 314 S.C. 431, 437, 445 S.E.2d 441, 445 (1994) (To obtain a writ of mandamus . . . the applicant must show . . . a duty of respondent to perform the act . . . .); S.C. Code Ann. § 30-4-40(a)(4) (1991) (exempting matters from FOIA requests which are specifically exempted by other state law); S.C. Code Ann. § 24-21-290 (Supp. 2005) (All information and data obtained in the discharge of his official duty by a probation officer is privileged information . . . and may not be disclosed directly or indirectly to anyone other than the judge or others entitled under this chapter to receive reports . . . .); S.C. Code Ann. § 24-21-50 (Supp. 2005) (No inmate has a right of confrontation at the [parole] hearing.); Sullivan v. S.C. Dept. of Corrections, 355 S.C. 437, 443 FN. 4, 586 S.E.2d 124, 127 FN. 4 (2003) ( . . . parole is a privilege, not a right.); and Furtick v. SCPPPS, 352 S.C. 594, 598 FN. 4, 576 S.E.2d 146, 149 FN. 4 (2003) (confirming that an inmate has no liberty interest sufficient to trigger due process rights in parole). 
 AFFIRMED.[1]
KITTREDGE, SHORT, and WILLIAMS, JJ., concur. 

[1] We decide this case without oral arguments pursuant to Rule 215, SCACR.